S. W. FORRESTER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18290.   Promulgated June 30, 1931.

*Albert A. Jones, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

944

OPINION.

MATTHEWS: The petitioner is claiming the cost of the Good, Mc-Fadden and Anderson leases as a deductible loss in 1920, upon the theory that they were abandoned in that year. He testified that when the wells came in dry he "abandoned" the leases, paid no more rent thereon and that he did not have any expectation of realizing anything out of this acreage after the wells came in dry. However, he did not surrender the leases to the lessor but retained

them. It is clear from a study of the terms of the lease set forth in our findings of fact, which is typical of all the leases, that the earliest period at which the lease would terminate by its own terms was one year from the date it was entered into. In *A. L. Huey*, 4 B. T. A. 370, leases in "wildcat" territory were involved. The taxpayer became convinced that one lease was worthless and gave it away and we allowed the deduction of the cost of that lease as a loss. With regard to another lease, however, the taxpayer, although he considered it worthless, continued to pay rentals, and we disallowed the deduction. See also *A. H. Fell*, 7 B. T. A. 263; *C. H. Goodwin*, 9 B. T. A. 1209; *Macon Oil & Gas Co.*, 23 B. T. A. 54.

We do not consider that the petitioner's testimony is sufficient to establish that he had abandoned those leases which did not expire until after the taxable year and we are therefore of the opinion that he is not entitled to deduct the cost as a loss in 1920. On the other hand, we believe the petitioner is entitled to deduct the cost of any leases which expired in 1920 and upon which he did not pay any rent after the wells came in dry. The Good lease was entered into on September 5 1919, and the well came in dry in the summer of 1920. The petitioner did not pay the rent required to continue the lease. The petitioner is entitled to deduct the cost of this lease from his gross income for 1920. As to the McFadden leases, only three of them were introduced in evidence. These three covered 64 acres and were dated May 12, 1919, August 25, 1919, and September 24, 1919, respectively. They were all assigned to the petitioner on October 9, 1919. There is no evidence as to when the remaining leases covering this tract of approximately 2,000 acres were entered into or were assigned to petitioner. Since we have no way of determining what part of the cost of all these leases is attributable to the three introduced in evidence, we must sustain the action of the respondent in disallowing a deduction of the cost thereof. Only two of the Anderson leases were introduced in evidence and they were entered into on January 26, 1920, and May 5, 1920. Since the earliest date they could have expired was in 1921, and there is no evidence as to the dates of execution of the remaining ones, the petitioner is not entitled to deduct the cost thereof in 1920.

With regard to the leases entered into by the partnership of Forrester & Cook, the evidence is insufficient to entitle the petitioner to the deduction claimed. The leases themselves were not introduced in evidence and there is no evidence of the terms of these leases or of the dates on which they were executed. The claim of the petitioner that the respondent erred in increasing his distributive share

of the income of Forrester & Cook for the years 1919 and 1920 is denied.

The petitioner is also claiming a deduction for depreciation upon a fence on a ranch. There is no definite evidence as to the cost of the fence or its useful life. The action of the respondent in disallowing any amount for depreciation on the fence is sustained.

In determining the deficiency involved the respondent included in petitioner's gross income an amount of $23,452.67 as rents. The only testimony upon this point was that of the petitioner, who testified that he never received any of the rents, but that he thought they were collected by his secretary. Since receipt by the secretary as agent amounts to receipt by the petitioner, we must also sustain the action of the respondent in this regard.

*Judgment will be entered under Rule 50.*